# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LA,<br><br>          Plaintiff,<br><br>     v.<br><br>FORD MOTOR CREDIT COMPANY LLC, et al.,<br><br>          Defendants. | Case No. 1:24-cv-01544-KES-SAB<br><br>ORDER REQUIRING PLAINTIFF TO PAY $50.00 SANCTIONS AND DISCHARGING MARCH 27, 2025 ORDER TO SHOW CAUSE<br><br>(ECF No. 36) |

On December 17, 2024, Plaintiff commenced this action against Defendants Ford Motor Credit Company LLC, Stellantis Financial Services, Inc., Capital One, National Association, and Experian Information Solutions, Inc. (ECF No. 1.) The Court set a mandatory scheduling conference for March 27, 2025, with a joint scheduling report due March 20, 2025. (ECF No. 4, 16.) Complying with the Court's order, the parties filed a joint scheduling report on March 20, 2025. (ECF No. 33.)

On March 27, 2025, the Court held the mandatory scheduling conference. For Defendants, Erik Kemp, Allison Scott, Chelsea Diaz, Kristen Smith were present; Plaintiff failed to appear. (ECF No. 34.) That same day, Court issued an order to show cause, directing Plaintiff to show cause in writing as to why sanctions should not be imposed for the failure of counsel to attend the conference. (ECF No. 36.) Plaintiff filed timely a response, stating that

1

1  "[o]n March 20, 2025, [counsel] attempted to review the calendars for both Judge Sherriff and
2  Judge Boone to" determine whether the mandatory scheduling conference was going forward.
3  (ECF No. 38, ¶¶ 7-9.)  "On March 26, 2025, [counsel] again reviewed Judge Sherriff's [and
4  Judge Boone's] publicly available calendar and did not see the Scheduling Conference listed."
5  (Id. at ¶¶ 10-12.)  Based on the absence of the conference on both calendars, counsel "mistakenly
6  concluded that the Scheduling Conference had been vacated or removed form calendar as a result
7  of the [recent] judicial reassignment."  (Id. at ¶ 13.)  Plaintiff states that he now understands that
8  his assumption was incorrect, "and I sincerely apologize to the Court and all parties for my
9  failure to appear."  (Id. at ¶ 14.)

10  While the Court finds that Plaintiff's response to the order to show cause sufficiently
11 explains counsel's absence from the mandatory scheduling conference, the circumstances
12 surrounding the absence are nonetheless not well-taken.  To begin with, the Court reviewed its
13 public calendar both before issuing its order to show cause and just before issuing this order.
14 The scheduling conference was (and is) unambiguously noted as scheduled for March 27, 2025,
15 at 9:30 a.m.[1]  Moreover, the case was reassigned on March 3, 2025, well before the joint
16 scheduling report was due—therefore, Plaintiff citing a 'recent' judicial reassignment as
17 engendering confusion in unpersuasive.  Finally, neither this Court nor the assigned district judge
18 issued an order vacating the conference, which an order is the only mechanism the Court
19 employs in putting on or taking off conferences.

20  Had Plaintiff had a question of whether the conference was going forward, Plaintiff
21 should have reviewed the Local Rules, which state: "Duties to Be Performed in Civil Matters by
22 a Magistrate Judge . . . [i]n Fresno, all pretrial scheduling conferences and the final pretrial
23 conference."  L.R. 302(c)(13).  Moreover, Plaintiff could have reached out to opposing counsel,
24 who all appeared, to inquire whether the conference was going forward.  Finally, Plaintiff could
25 have reached out to the courtroom deputy or chambers to make an inquiry.  In other words,
26 Plaintiff's failure to appear was well avoidable.

---

[1] See https://www.caed.uscourts.gov/caednew/index.cfm/judges/daily-calendar/.

For counsel to do no further inquiry and subsequently fail to appear is unacceptable. Because of the failure of Plaintiff to appear at the mandatory scheduling conference, the Court finds it appropriate to impose a sanction of $50.00.  Going forward, the Court admonishes Plaintiff that he must comply with all future court orders and appearances.  Should Plaintiff fail to pay that sanction by the Court's deadline, a daily sanction will be imposed.

Accordingly, it is HEREBY ORDERED that:

1. The Court's March 27, 2025 order to show cause (ECF No. 36) is DISCHARGED;

2. Plaintiff shall pay **$50.00 in sanctions via cashier's check to the Clerk of the Court no later than April 4, 2025**, for his failure to appear at the mandatory scheduling conference;

3. Plaintiff shall file a notice **no later than April 4, 2025**, confirming that he has paid the sanction; and

4. If Plaintiff fails to comply with this order, Plaintiff and Plaintiff's counsel shall jointly and severally be obligated to pay the Clerk of the Court $50.00 per day, **beginning on April 7, 2025**, until Plaintiff pays the sanction and files a notice of payment to the Court.  Failure to comply may also result in a recommendation of dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 28, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3